UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAAN WILSON FOR J.S.W. | CIVIL ACTION |
| VERSUS | NO. 14-281 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "E" (3) |

REPORT AND RECOMMENDATION

Shaan Wilson filed this action on behalf of her minor son ("plaintiff") pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I. BACKGROUND

Plaintiff filed an application for SSI on June 6, 2011, alleging a disability onset date of May 1, 2011. (Adm. Rec. at 148-54). Plaintiff alleged disability due to Attention Deficit Hyperactivity Disorder ("ADHD") and depression. (*Id.* at 55). Plaintiff, born on April 15, 2005, was 6 years old on the date on which he alleged disability and 7 years old at the time of the final administrative decision. (*Id.* at 162). Plaintiff is in elementary school and has no past work experience. (*Id.* at 16).

Defendant initially denied plaintiff's application on July 26, 2011. (*Id.* at 61-64). Plaintiff

sought an administrative hearing, which defendant held on October 12, 2012. (*Id.* at 34-52). Plaintiff's mother, Shaan Wilson, and plaintiff himself testified at the hearing.

On December 12, 2012, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff had not been disabled through the date of the decision. (*Id.* at 13-24). In the decision, the ALJ concluded that plaintiff has the severe impairments of ADHD and depression. (*Id.* at 16). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.*). Specifically, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings under 20 C.F.R. §§ 416.924(d) and 416.926(a). (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 8). On December 5, 2013, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff then timely filed this civil action.

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.     ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is

> disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**IV.    ISSUE ON APPEAL**

There is one issue on appeal:

(1)    Whether substantial evidence supports the ALJ's conclusion that plaintiff does not have an impairment or combination of impairments that functionally equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

**V.    ANALYSIS**

**1.    Whether substantial evidence supports the ALJ's conclusion that plaintiff does not have an impairment or combination of impairments that**

**functionally equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.**

At step three of the sequential evaluation process, the ALJ determined that plaintiff does not have an impairment or combination of impairments that met, medically equals, or functionally equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Adm. Rec. at 24); 20 C.F.R. § 416.924(a). To do so, the ALJ determined the degree of limitation of each of six functional equivalence domains, including: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926(a). For functional equivalence, the child's impairment(s) must result in "marked" limitation in two domains of functioning or "extreme" limitation in one domain. *Id.* Here, the ALJ concluded that plaintiff has marked limitation in interacting and relating with others. (*Id.* at 22). The ALJ also determined that plaintiff has less than marked limitation in attending and completing tasks. (*Id.* at 21). He further concluded that plaintiff has no limitation in acquiring and using information, moving about and manipulating objects, caring for himself, and health and physical well-being. (*Id.* at 19-24). The non-examining psychologist, Lester Barnett, Ph.D., concluded that plaintiff has the same limitations. (*Id.* at 56-57). The ALJ carefully considered the entire record, including, but not limited to, the opinion evidence in accordance with 20 C.F.R. § 416.927 and Social Security Rulings ("SSR") 96-2p, 96-5p, 96-6p, and 06-3p.

Plaintiff first argues that Barnett failed to consider evidence subsequent to his evaluation, at pages 182-90 of the administrative record and labeled as Exhibit 5E. However, the ALJ explicitly

considered this evidence and cited to it. (*Id.* at 18). This argument is thus without merit.

Plaintiff also contends that the ALJ erred when he failed to order a consultative examination to update Barnett's July 2011 evaluation of the evidence. The decision to acquire a consultative examination is within the ALJ's discretion and must be ordered only when necessary to develop a full and fair record. *See Reynaud v. Astrue*, 226 F. Appx. 401, 403 (5th Cir. 2007) (citing *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989); *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989)). "To determine whether the ALJ fully and fairly developed the record, [the Court] asks whether the record contained sufficient evidence for him to make an informed decision. So long as such evidence exists, the ALJ need not have supplemented the record with additional evidence." *Hernandez v. Astrue*, 269 F. Appx. 511, 515 (5th Cir. 2008) (citing 20 C.F.R. §§ 404.1516, 416.916); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Anderson*, 887 F.2d at 634).

Even if an ALJ errs by failing to obtain additional medical evidence, the Court "will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. To establish prejudice, a claimant must demonstrate that he or she could and would have adduced evidence that might have altered the result." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (quotation omitted) (citing *Brock*, 84 F.3d at 728). When no additional medical statement has been obtained, the Court's inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). Plaintiff fails to explain how any of the potential evidence from a consultative examination would change the ALJ's findings and fails to establish prejudice and the necessity of a consultative examination. Because the ALJ did not order a

consultative examination, the Court will determine whether substantial evidence supports his conclusions.

The Court's review of the record reveals that substantial evidence supports the ALJ's findings for limitations in each domain. As the ALJ noted, plaintiff reported that he was doing well in school and maintaining good grades in October 2012 with no disciplinary problems. (*Id.* at 19, 271). The ALJ recognized that plaintiff's mother testified that plaintiff was receiving Bs and Cs in school. (*Id.* at 17, 46). This evidence supports the conclusion that plaintiff is able to acquire and use information and therefore has no limitation in this domain.

The ALJ also found that, even though plaintiff's mother claimed that he was unable to stay on task, plaintiff has a less than marked limitation in attending and completing tasks. (*Id.* at 21). The ALJ properly considered plaintiff's mother's testimony that he is able to play video and cell phone games, complete his homework with some assistance, and perform some household chores, such as cleaning his room and taking out the trash. (*Id.* at 21, 46-48, 50). The evidence supports the ALJ's conclusion.

The ALJ correctly considered the evidence to find that plaintiff has a marked limitation in interacting and relating to others because his teachers reported that he had been physically assaultive, had violent rages, and became angry when corrected. (*Id.* at 22). However, the ALJ credited plaintiff's mother's testimony that he had improved with medication. (*Id.* at 22, 47). In addition, the ALJ considered records showing that, in October 2012, plaintiff reported that his medication helped, that he suffered no side effects from the medication and that he was doing well in school with no disciplinary problems, which could have weighed against an extreme limitation

in this domain. (*Id.* at 19, 271).

And as to the ALJ's findings that plaintiff had no limitations in the domains of moving about and manipulating objects, caring for himself, and health and physical well-being, plaintiff presents no evidence to rebut these findings. (*Id.* at 19-20, 22-24). Plaintiff has the burden to prove that he is disabled within the meaning of the Social Security Act. *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992). Accordingly, plaintiff fails to establish that the ALJ should have sought a consultative examination, and the Court finds that there is no basis for remand. The record reveals that the ALJ considered all of the evidence – even that submitted after Barnett's evaluation – and substantial evidence supports his conclusions.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 18th day of November, 2014.

                                                                  **DANIEL E. KNOWLES, III**
                                                                   **UNITED STATES MAGISTRATE JUDGE**